**U.S. Department of Justice**

*Karin J. Immergut*
*United States Attorney*
*District of Oregon*

*1000 SW Third Avenue, Suite 600*   *(503) 727-1000*
*Portland, OR 97204-2902*   *Fax: (503) 727-1117*

SFP:bg

May 1, 2008

Bruce Ellison
Attorney at Law
PO Box 2508
Rapid City, South Dakota 57708

Paul Loney
Attorney at Law
3430 SE Belmont, Suite 101
Portland, Oregon 97214

Re:   *United States v. Tre Arrow*
      CR 02-440 (RE)

Dear Messrs. Ellison and Loney:

The government extends the following plea offer in the case of your client Tre Arrow:

1.   **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any unrelated charges based upon unrelated facts and/or circumstances other than those specifically mentioned herein.

2.   **Charges**: Defendant agrees to plead guilty to Counts 2 and 7 of the superseding indictment, each count charging arson in violation of Title 18, United States Code, Section 844(i).

3.   **Penalties**: Each count of arson carries a mandatory minimum term of imprisonment of five years, up to a maximum term of 20 years, a maximum fine of $250,000, two to three years of supervised release, mandatory restitution, and mandatory fees of $100 for each count.

4.   **Dismissal of Other Charges**: Upon sentencing, the USAO will move for dismissal of the remaining counts in the superseding indictment.

5.   **Rule 11(c)(1)(C)**: Defendant will plead guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, under which the parties agree that a specific total sentence of 78 months is appropriate and that particular sentencing factors (as noted below) apply. Such agreement and request will bind the court once the court accepts the plea agreement.

6.   **Sentencing Factors**: The parties agree that, pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the court must determine an advisory sentencing guideline range pursuant

Bruce Ellison
Paul Loney
Attorneys at Law
May 1, 2008
Letter - Page 2

to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range, the factors listed in 18 U.S.C. § 3553(a), and the parties' agreement. The parties' agreement herein to any guideline sentencing factors constitutes proof of those factors sufficient to satisfy the applicable burden of proof.

    7.    **Factual Basis**: Defendant agrees to the following factual basis for his guilty plea:

        a.    Count 2: On or about April 15, 2001, defendant and another person, acting together, willfully and maliciously set fire to, damaged and destroyed several cement-mixing trucks at Ross Island Sand and Gravel Company, 4315 SE McLaughlin Boulevard, Portland, Oregon. One of the trucks destroyed by defendant was a 1978 Mack truck bearing Oregon license number YAPS 807, which had been used in interstate commerce and used in activities affecting interstate commerce.

        b.    Count 7: On or about June 1, 2001, defendant and three other persons, acting together, willfully and maliciously set fire to, damaged and destroyed several logging trucks at Ray A. Schoppert Logging, Inc., 26450 SE Highway 224, Eagle Creek, Oregon. One of the trucks destroyed by defendant was a 1985 Peterbilt truck bearing Oregon license number YABV 918, which had been used in interstate commerce and used in activities affecting interstate commerce.

    8.    **Acceptance of Responsibility**: Defendant must demonstrate to the court that he fully admits and fully accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional violation of law, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

    9.    **Agreed Sentencing Factors and Sentence**: The parties agree and stipulate to a sentence of 78 months in custody. To reach this sentence the parties agree and stipulate to the following factors and calculations under controlling statutes and the U.S. Sentencing Commission Guidelines Manual effective on November 1, 2000.

        a.    Pursuant to U.S.S.G. § 2K1.4(a)(4), a base offense level of 6 (2 plus the base offense level of § 2B1.3(a)).

Bruce Ellison
Paul Loney
Attorneys at Law
May 1, 2008
Letter - Page 3

        b.    A 9-level increase for amount of loss under § 2B1.3(b)(1), with cross-reference to § 2B1.1(b)(1)(J).

        c.    A 2-level increase for more than minimal planning under § 2B1.3(b)(3).

        d.    A 2-level increase for multiple count adjustment under §§ 3D1.3 and 3D1.4.

        e.    A 2-level increase for obstructing or impeding the administration of justice under § 3C1.1.

        f.    A mandatory minimum sentence of 60 months under 18 U.S.C. § 844(i).

        g.    Pursuant to § 5K2.0 and 18 U.S.C. § 3553(a) and (b), an upward departure or variance to the extent necessary to reach a final sentence of 78 months, based on a finding that there exist aggravating circumstances not adequately taken into consideration by the Sentencing Commission in formulating the applicable guidelines, namely, that defendant committed arsons calculated to influence or affect the conduct of private parties by intimidation or coercion or to retaliate against the private parties' conduct.

        h.    After multiple-count grouping under Chapter 3, Part D, of the guidelines, the sentences for Counts 2 and 7 of the superseding indictment shall run concurrently.

    10.    **Commencement of Official Detention Under 18 U.S.C. § 3585(b)**: The parties agree that, for purposes of 18 U.S.C. § 3585(b), his official detention in this case commenced on March 14, 2004, that the court recommends to the Bureau of Prisons that all applicable good time shall be calculated from that date, and that the judgment herein should so indicate.

    11.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that the sentence exceeds 78 months or otherwise violates Rule 11(c)(1)(C). Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

    12.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the court of the facts and law related to defendant's case. Defendant and the USAO reserve the right to clarify or refute any factual or legal assertions, while remaining consistent

Bruce Ellison
Paul Loney
Attorneys at Law
May 1, 2008
Letter - Page 4

with this plea agreement. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea. If the USAO were to breach the terms of this agreement, defendant shall be permitted to withdraw his plea, and the plea and/or related statements of defendant shall not be used against defendant in any manner or circumstance at trial.

14. **Supervised Release**: The parties jointly request that any conditions of supervised release as ordered by the court not prohibit him from participating in lawful political activities. The parties understand, however, that, as a condition of supervised release, defendant will be prohibited from knowingly associating with individuals or groups, such as the Earth Liberation Front and the Animal Liberation Front, which engage in and/or advocate criminal activity.

15. **Recommended Designation**: The parties jointly request that the court recommend to the Bureau of Prisons that defendant serve his sentence at FCI Sheridan.

16. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied.

If the terms of this offer are acceptable to you and your client, each of you should sign in the spaces provided below and submit the completed agreement to the court with the plea petition at the time of the change of plea.

Sincerely yours,

KARIN J. IMMERGUT
UNITED STATES ATTORNEY

*[signature]*

STEPHEN F. PEIFER
ASSISTANT U.S. ATTORNEY

Bruce Ellison
Paul Loney
Attorneys at Law
May 1, 2008
Letter - Page 5

    I hereby freely and voluntarily accept the terms and conditions of this plea offer, after first reviewing and discussing every part of it with my attorney. I am satisfied with the legal assistance provided to me by my attorney. I wish to plead guilty because, in fact, I am guilty.

_June 2, 2008_
DATE

_/s/ Tre Arrow_
TRE ARROW
DEFENDANT

    I (We) represent defendant as legal counsel. I (We) have carefully reviewed and discussed every part of this agreement with defendant. To my (our) knowledge defendant's decisions to enter into this agreement and to plead guilty are informed and voluntary ones.

_6/2/08_
DATE

_/s/ Bruce Ellison_
BRUCE ELLISON
ATTORNEY FOR DEFENDANT

_6/2/08_
DATE

_/s/ Paul Loney_
PAUL LONEY
ATTORNEY FOR DEFENDANT