FILED 21 MAR '12 15:33 USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. CR 02-440-02-BR |
| v. | ORDER CONTINUING AND MODIFYING SUPERVISED RELEASE TERM |
| TRE ARROW | |
| **Defendant.** | |

On August 12, 2008, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 78 months on Counts 2 and 7, to be served concurrently, to be followed by a 3-year term of supervised release subject to standard and special conditions. The term of supervised release began December 4, 2009.

On March 7, 2012, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On March 21, 2012, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The Court found the defendant had violated the conditions of supervised release by engaging in conduct which constitutes the crime of Domestic Violence - Assault IV.

*ORDER—ARROW, TRE*                                                                                                               *Page 1*

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is continued subject to the previously imposed standard and special conditions and the following added special condition(s): 1) The defendant shall participate in a mental health treatment program approved by the probation officer; 2) The defendant shall participate in and successfully complete a program for domestic violence counseling as approved by the probation officer; 3) As directed by the probation officer, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder; 4) Until further ordered by the Court, the defendant shall have no contact with Kima Garrison in person, by telephone, through correspondence or third-party, and 5) The defendant shall authorize release to the probation officer, all medical information, by execution of a release of information form or by any other appropriate means as directed by the probation officer.

All other aspects of the original judgment order shall remain in full force and effect.

It is hereby ordered that defendant be released from the custody of the U.S. Marshals.

DATED this 21st day of March, 2012.

_____
The Honorable Anna J. Brown
U.S. District Judge